UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>STEVE LOU | No. 05 CR 514<br><br>Hon. Thomas M. Durkin |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2)**

Defendant Steve Lou seeks to have his sentence reduced based on a subsequent reduction in the Guidelines offense level for the amount of actual methamphetamine he was convicted of trafficking, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. For the reasons set forth below, the Court should deny defendant's motion.[1]

**I.    Background**

**A.  Defendant's Offense Conduct**

In approximately June 2004, defendant met in California with a co-conspirator ("CC-1") and arranged for him to transport methamphetamine from Los Angeles to Chicago. PSR at ¶ 2. CC-1 was to transport the drugs on a train and he was to be paid a percentage of the money that defendant obtained from the proceeds of the methamphetamine sales. *Id.* Defendant provided CC-1 with a sheet of paper containing defendant's address, a gift-wrapped package containing the methamphetamine, and a train ticket to Chicago. *Id.* On June 13, 2004, DEA agents interviewed CC-1 on a train in New Mexico and searched his suitcase and the gift-wrapped package. *Id.* DEA agents

---

[1] Defendant's motion for compassionate relief (Dkt. Nos. 187, 189, 193, 194) is currently pending.

recovered methamphetamine with a net weight of 423.8 grams and a concentration of 93%, meaning the amount of actual methamphetamine was 394.1 grams. *Id.* The agents also found the sheet of paper containing defendant's address and contacted the DEA in Chicago to investigate further. *Id.*

On June 15, 2004, DEA agents went to defendant's residence to interview him. After waiving his Miranda rights and being told he was not under arrest, defendant admitted his involvement in the transportation of the methamphetamine. *Id.* He also told the agents that he had completed four similar drug transactions previously, since June 2003. Agents recovered a heat sealer, a money counter, a digital scale, cans with false bottoms, a drug ledger, and other items. *Id.* He was not arrested at that time.

On June 13, 2005, defendant was arrested, pursuant to an arrest warrant. *Id.*, at 3. Defendant was Mirandized and confirmed the information he had given to agents one year earlier. *Id.* He also told agents about a prior arrest in June 2003, where he and CC-1 had been arrested in Oklahoma with methamphetamine in their vehicle. *Id.*

As set forth in the government's version of the offense, the government maintained that the following conduct was relevant conduct to the defendant's offense: On June 11, 2003, defendant and his co-conspirator were driving in a rental car through Oklahoma City. PSR, at Gov. Version, at 4. Local law enforcement pulled over the vehicle and, after searching the vehicle, found four pounds of methamphetamine inside a hidden panel in the trunk, along with an additional small amount in the center console area. The net amount of the methamphetamine found during that search was 1,508 grams, with a concentration of at least about 99%, meaning the total amount of actual methamphetamine was 1,493.82 grams. *Id.*

When defendant spoke to DEA in Chicago in June 2005, he told them, with regard to the June 2003 Oklahoma arrest, that he had purchased 4 pounds of methamphetamine from a man in Los Angeles, and that defendant and CC-1 had been arrested in Oklahoma with those drugs. *Id.* He also told them that the man in Los Angeles was the same person who later had sold him the methamphetamine that had been seized from CC-1 in New Mexico in June 2004. *Id.*

The government noted that, although Lou had been acquitted of three of the four counts at trial in the case brought by the state authorities in Oklahoma in connection with the 2003 arrest, Oklahoma did not have information about defendant's admissions to DEA-Chicago at the time of their trial, and, therefore, the Oklahoma jury was not presented with that information. *Id.*

### B. Procedural History

On or about July 12, 2005, defendant was charged in an indictment in *United States v. Steve Lou*, Case No. 05 CR 514, with one count of conspiracy to distribute and to possess with intent to distribute approximately 423.8 grams of methamphetamine in June 2004, in violation of 21 U.S.C. § 846. R. 10. On or about November 21, 2008, defendant was convicted by a jury after a trial during which he himself testified. R. 95. Defendant was permitted to remain on bond pending his sentencing hearing. R. 96.

Defendant failed to appear for his February 17, 2009 sentencing hearing and became a fugitive. R. 108. On or about November 3, 2010, not having been apprehended, defendant was sentenced *in abstentia* to a term of imprisonment of 20 years.

At sentencing, the Court adopted the Presentence Report ("PSR") without change, (*see* Statement of Reasons ("SOR"), at Section I), thereby concluding defendant

3

was responsible for 423.8 grams of methamphetamine trafficked as part of the charged conspiracy. Suppl. PSR, at 2. The methamphetamine had a concentration of 93%, meaning it equated to 394.1 grams of actual methamphetamine. *Id.* The Court also concluded that defendant was responsible for an additional 1,508.9 grams of methamphetamine with a concentration of approximately 99%, resulting in a yield of 1,493.82 grams of actual methamphetamine. *Id.* Although defendant had been acquitted of the earlier drug trafficking charge in Oklahoma state court, the evidence—including additional evidence not available in the Oklahoma trial—showed that defendant had committed the prior drug trafficking offense, at least by a preponderance of the evidence. *Id.* As a result, the Court found that defendant was responsible for an additional 1,493.82 grams of actual methamphetamine as relevant conduct. *Id.*

The total drug quantity therefore was 1,887.92 grams of actual methamphetamine, which under the 2009 version of the Sentencing Guidelines resulted in a base offense level of 38, pursuant to USSG § 2D1.1(c)(1). Suppl. PSR, at 2. Additionally, the Court found that a 2-level enhancement was warranted under USSG § 3B1.1(c) for his role in the offense. Suppl. PSR, at 3. The Court also found that a 2-level enhancement for obstruction applied, pursuant to USSG § 3C1.1. Suppl. PSR, at 3-4. His total offense level was 42. *Id.*, at 4. With a criminal history category of II, Suppl. PSR, at 4, defendant's Guidelines range was 360-life. PSR, at 17, Lines 483-84; SOR, at Section III. A judgment of conviction was entered on November 4, 2010. R. 132, 133.

On or about March 5, 2018, defendant was located and apprehended after more than 9 years as a fugitive in this case, and he began serving the sentence that had been imposed in 2010. R. 138, 142.

According to the BOP website, defendant is currently incarcerated at Marion FCI. He has served about 87 months of his 240-month sentence. According to the BOP website, defendant's projected release date is March 3, 2032—a little less than seven years from now.

## II. Defendant Is Ineligible For Relief Under 18 U.S.C. and Amendment 782

### A. Applicable Law

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines went into effect. As relevant here, the amendment lowered the offense level for possession of certain quantities of methamphetamine by two levels. In particular, it lowered the offense level for possession of 1,887.92 grams of actual methamphetamine from level 38 to level 36, pursuant to USSG § 2D1.1(c)(2). The Amendment was made retroactive. *See United State v. Hayden*, 775 F.3d 847, 850 (7th Cir. 2014); *United States v. Kelly*, 737 Fed. Appx. 290, 291 (7th Cir. 2018).

Retroactive application of Amendment 782's criminal history provisions must be obtained pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction

5

is consistent with applicable policy statements issued by the Sentencing Commission.

In § 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority—including Amendment 782—and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Sentencing Guideline § 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10 requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c) to impose a term "comparably" below the amended range. § 1B1.10(b)(2).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the

reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

### B. Defendant Is Ineligible for Relief, As the Sentence He Received is Below the Low End of His Newly Calculated Guidelines Range

Lou's motion fails at step one of the inquiry, and he is thus not eligible for his requested reduction. As the Supreme Court explained in *Dillon*, Section 1B1.10(b)(2)(A) provides that, with one exception not applicable here (where defendant received a below-Guidelines sentence based on substantial assistance, *see* § 1B1.10(b)(2)(B)), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Guideline § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 827; *see also United States v. Diggs*, 768 F.3d 643, 644 (7th Cir. 2014) (upholding the policy statement "essentially prohibiting courts from applying retroactive amendments to the guidelines to reduce the sentence of any defendant which was already below the minimum of the amended guidelines").

Under the November 1, 2024 version of the Guidelines, a quantity of 1,887.92 grams of actual methamphetamine results in an offense level of 36, pursuant to USSG § 2D1.1(c)(2). Combined with the additional 4 levels for his role in the offense and obstruction, his amended Guidelines offense level is 40. That is a two-level reduction from his previous offense level of 42.

Defendant next argues that his criminal history now consists of 1 point—rather than 2 points—which would result in a criminal history category I, rather than category

7

II. But defendant's argument about his criminal history is without merit. Defendant attached to his filing what purports to be an order of dismissal dated December 11, 2024, issued by a court in the Superior Court of California, County of San Diego, relating to his prior conviction for battery. PSR, Lines 198-203. That prior conviction, for which he was sentenced to 24 days of jail, 3 years of probation, and a fine, resulted in 1 criminal history point under USSG § 4A1.1(c). Defendant argues that the 2024 dismissal of that conviction means the conviction is expunged and thereby should not now be counted for purposes of his criminal history, which, he argues, would mean he would be left with one criminal history point and a criminal history category I, instead of II.

Even assuming the attached order is valid, however, it would not negate the counting of that conviction for his criminal history and would not change his category from II to I. According to its face, the December 11, 2024 order dismisses the prior battery conviction pursuant to California Penal Code § 1203.4. A dismissal of a prior conviction under that provision of the California Penal Code does not serve as an "expungement" for purposes of calculating criminal history under the Guidelines. *See United States v. Alba-Flores*, 577 F.3d 1004, 1107-09 (9th Cir. 2009); *United States v. Hayden*, 255 F.3d 768, 770-74 (9th Cir. 2001). As a result, defendant still has 2 criminal history points and is in Category II.

With an amended offense level of 40 and a criminal history category II, defendant's amended Guidelines range is 324 to 405 months (rather than 360-life). The low-end of that amended Guidelines range is still higher than the 240-month sentence

8

defendant received. Therefore, he is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c).[2]

Accordingly, defendant is ineligible for relief under § 3582(c) and Amendment 782, and his motion should be denied.

### C. Notwithstanding His Ineligibility Under § 3582(c)(2) and § 1B1.10(b)(2)(A), the § 3553(a) Factors Would Not Warrant a Sentence Reduction

Even were the Court to consider him eligible for a sentence reduction under Amendment 782, the defendant would not be entitled to a lower sentence after considering the § 3553(a) factors. At defendant's sentencing, Judge Castillo considered the relevant §3553(a) factors and determined that a sentence of 240 months' imprisonment was sufficient but not greater than necessary to achieve the statutory purposes of sentencing. That sentence was a full 10 years below the low-end of the Sentencing Guideline range applicable to defendant. PSR, at 17, Lines 483-84; SOR, at Section III.

Putting aside the commission of the crime itself, defendant showed a blatant disregard for the rule of law and the authority of the Court by fleeing while on bond prior to his sentencing in this case. Knowing that he had violated the Court's trust in him, defendant remained a fugitive for about 9 years. As this Court previously noted, every day of those 9 years as a fugitive, defendant committed a crime, negating his argument that he lived a law-abiding life while on the lam. The government notes that

---

[2] Even were the battery offense not to be counted, his amended Guidelines range would be 292-365, the low-end of which is still higher than the 240-month sentence he received.

he still spent more time as a fugitive than he has served in prison after he was apprehended in 2018.

## CONCLUSION

For all the foregoing reasons, the government respectfully requests that the Court deny defendant's motion.

                              Respectfully submitted,

                              ANDREW S. BOUTROS
                              United States Attorney

By:   /s/ *Matthew M. Getter*
        MATTHEW M. GETTER
        Assistant United States Attorney
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 886-7651

Dated: May 29, 2025

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, LR 5.5, and the General Order on Electronic Case Filing, the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2) was served pursuant to the district court's ECF system as to ECF filers, if any, and will be sent via mail as to the following individual:

Steve Lou, Register Number 21973-424
FCI Marion
Federal Correctional Institution
P.O. BOX 1000
Marion, IL  62959

                                                                 By: /s/ *Matthew M. Getter*
                                                                    MATTHEW M. GETTER
                                                                    Assistant United States Attorney
                                                                    United States Attorney's Office
                                                                    219 South Dearborn Street
                                                                    Chicago, Illinois 60604